IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH LAGANA | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-10-1032 |
| SHARON BAUCOM | * | |
| Defendant | * | |

***

# **MEMORANDUM**

Pending is Defendant's Motion to Dismiss or for Summary Judgment. ECF No. 20. Plaintiff opposes the motion. ECF No. 37. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

## **Background**

Plaintiff claims he suffered a "severe injury" to his knee on February 5, 2010, and was not seen for the injury until eight days later. ECF No. 1 at Att. 1, p. 1. He states he did not receive a diagnosis at that time and had to request another medical appointment seven days later because he could not walk. *Id*. He claims it required five sick call slips and administrative remedy complaints in order to be seen again. On March 15, 2010, he was seen by medical staff , but was told by a nurse and a Physician's Assistant (PA) that he simply had a tendon problem. He states one week later the pain was bad enough to awaken him from sleep. He began filing sick call slips again and he was seen for his knee pain on April 6, 2010. When Plaintiff was seen x-rays were ordered by the nurse and PA who had seen him before. Plaintiff requested to be seen by a doctor who was familiar with orthopedic issues, but his request was refused. The x-rays were taken on April 13, 2010.

Plaintiff claims the delay in responding to his sick call slips is retaliation against him for filing civil actions against medical staff. ECF No. 1 at Att. 1, p. 2. He alleges inmate sick call slips as a matter of policy are supposed to be responded to within 24 hours, but his requests are ignored. He states he has been forced to suffer with the knee pain for 90 days without relief and seeks an order from this Court requiring an evaluation by a doctor. In Plaintiff's view, a nurse and PA are not qualified to properly diagnose and treat his knee. He seeks injunctive relief in the form of an Order from this Court requiring evaluation and treatment of his knee by a specialist.

Defendant Sharon Baucom is the medical director for the Division of Correction. ECF No. 20. In support of the motion filed on her behalf, she asserts that Plaintiff was seen on numerous occasions[1] by medical staff for various complaints; therefore, his medical care has been proper. *Id*. She further claims that she was not directly involved in decisions regarding Plaintiff's care and is entitled to dismissal from this case. *Id*. In addition Defendant states Plaintiff has not filed a complaint with the Inmate Grievance Office (IGO) concerning his claim. Attached to the motion are verified medical and basefile records. There is no declaration under oath from Defendant Baucom.

Plaintiff explains in his opposition that an MRI was performed on his knee which revealed he suffers from degenerative arthritis and a baker's cyst. ECF No. 37. He asserts that the pain medication provided to him has been ineffective. Baucom was named as Defendant because Plaintiff claims she is the person responsible for formulating a policy relied upon to deny him access to effective pain relief medication. He states he has been provided with NSAIDS for so long it has adversely effected his stomach, but despite the side effects, medical staff have refused to give him tramadol or other stronger medications to treat his pain, citing

---

[1] The Court agrees with Plaintiff's assessment that Defendant has unnecessarily included medical records which are unrelated to the claims raised in the Complaint. ECF No. 37.

Baucom's policy. Plaintiff claims that he is denied this medication even though others in the prison are receiving it. *Id*.

Defendant did not address the allegation concerning the alleged policy cited by Plaintiff. The policy cited by Plaintiff in his opposition is not clearly stated in the complaint. Therefore, Defendant will be directed to file a Reply addressing the specific allegations raised by Plaintiff in his opposition. A separate Order follows.

February 14, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE